### BARRELLE *v.* PENNSYLVANIA R. Co.

(*Supreme Court, General Term, First Department.*  January 28, 1889.)

1. EVIDENCE—DECLARATIONS.

In an action for injuries sustained by plaintiff while a passenger on defendant's railway car, evidence of statements made by plaintiff to the physicians who examined him is inadmissible when plaintiff himself is examined as a witness.

2. SAME.

Evidence of complaints made by plaintiff to one not a physician, 14 months after the alleged injury, is inadmissible.

3. SAME.
    Testimony by neighbors of plaintiff, who would have been likely to hear of injuries suffered by him, that he had made no complaint whatever, is competent.
4. SAME—MEMORANDA.
    *Memoranda* of directions given to plaintiff by a physician are inadmissible, it not being shown that plaintiff needed such *memoranda* to refresh his memory.
5. SAME—OPINION EVIDENCE.
    After a witness has testified that she did not know that plaintiff had ever had any difficulty with his hearing and never observed that he had any with his sight, it is improper to ask her if she thought his sight and hearing were as good as the ordinary people she had met.
6. WITNESS—EXAMINATION—DISCRETION OF TRIAL COURT.
    A refusal to allow plaintiff to be asked a question on a subject on which he had been thoroughly examined, is within the discretion of the trial court, though plaintiff has not rested his case.
7. TRIAL—MOTION TO STRIKE OUT TESTIMONY—IRRESPONSIVE ANSWER.
    A witness for plaintiff was asked: "Is there anything you recollect that you have not stated as to the plaintiff's appearance after his return from Florida?" to which witness answered: "He was very feeble, and irritable in his disposition, after his return from Florida." *Held*, that such answer was properly struck out as irresponsive.
8. SAME—INSTRUCTIONS—MISREPRESENTATIONS BY PLAINTIFF.
    An instruction that, if "plaintiff has under oath intentionally misrepresented or exaggerated the injuries received by him," the jury may disregard his entire testimony, is unobjectionable.

Appeal from circuit court, New York county.

Action by Orlando Barrelle against the Pennsylvania Railway Company for personal injuries. Verdict and judgment for defendant, and plaintiff's motion to set aside the verdict and for a new trial denied. Plaintiff appeals. Mrs. Olive Barrelle, a sister-in-law of plaintiff, and sworn as a witness in his behalf, was asked, *inter alia*, "Is there anything you recollect that you have not stated as to the plaintiff's appearance after his return from Florida?" and answered: "He was very feeble, and irritable in his disposition, after his return from Florida." This answer was stricken out on defendant's motion as not responsive. After the same witness had testified that she did not know that plaintiff had ever had any difficulty with his hearing, and never observed that he had any with his sight, she was asked: "Did you think that his sight and hearing were as good as ordinary people you have met?" This was objected to as incompetent, and the objection was sustained.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*R. Armstrong, Jr.,* (*L. H. Northrup,* of counsel,) for appellant. *Robinson, Scribner & Bright,* (*John M. Scribner,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for an injury alleged to have been sustained by the plaintiff while a passenger upon one of the defendant's cars. The injury is said to have occurred on the 30th of November, 1881, and this action was commenced in January, 1884. There are various exceptions raised to the rulings of the court in the admission and rejection of evidence, and also in respect to the charge. It may be necessary, in the disposition of this appeal, to examine briefly these various objections.

It is urged that the court erred in sustaining the defendant's objection to the evidence of statements made by plaintiff to the physicians who examined him. It seems to be sufficient to dispose of this objection that the plaintiff could not reinforce his evidence by proof that he had made statements elsewhere of like character, except under peculiar circumstances, which are not present in the case at bar. He was examined as a witness, and gave testimony as to his feelings, and what he said to the physician was entirely immaterial as evidence in chief.

The next exception to which attention is called is the exclusion of the *memoranda* of directions of the doctor whom it was alleged attended the plaintiff after his injury. This ruling is claimed to be error because medical treatment

and prescriptions were competent evidence. It will be observed that the evidence excluded did not relate to any prescriptions. The offer of evidence was of *memoranda* which the plaintiff had made of directions given to him by Dr. Kellogg, and was not in any way a prescription. There was no evidence that the plaintiff needed the *memoranda* to refresh his recollection, or that he had not refreshed his recollection; and consequently such *memoranda*, though made at the time, were inadmissible.

The next objection is to the exclusion of the question: "Now I will ask you to state your feelings if any time you attempted any physical exertion." The plaintiff had been examined upon this part of the case, and had been exhausted; and it was entirely discretionary with the court as to whether he should allow it to be opened or not. It is true that the plaintiff had not rested his case, but it was within the discretion of the court as to whether the same branch of the case should be gone over again or not.

The objections to the hypothetical questions to which our attention is called can have no very broad foundation, because the counsel for the appellant has nowhere called our attention to any discrepancy between the statements in the hypothetical questions and the facts which have been proved.

The next objection is to the striking out of an answer made to a question asked of the sister-in-law of the plaintiff. The answer was clearly irresponsive, and the court was right in striking it out.

The objections taken to the testimony of the sister-in-law of the plaintiff and one James Hodges seem to have been well taken. The first witness had already stated that she had never heard any complaint in regard to the plaintiff resting at night, nor that he had any difficulty with his hearing, and never observed any with his sight. There was no ground, and it was clearly incompetent to ask her to compare his faculties of sight and hearing with those of ordinary people. As to the other witness, the questions called for complaints made by plaintiff after he had come back from Florida, at least 14 months after his alleged injury. This evidence was clearly incompetent, because declarations of a party injured, some time after the injury, simply to the effect that he suffered pain, when not made to a physician for the purpose of professional attendance, are not competent as evidence. *Roche* v. *Railroad Co.*, 105 N. Y. 294, 11 N. E. Rep. 630.

The admission of the evidence upon the part of the defense in reference to the appellant, and that he had made no complaint whatever,—the witnesses being his neighbors, and being likely to hear of any injuries which he had suffered,—does not seem to have been error. It is true that in view of the admission of this evidence some of the questions previously asked upon the part of the appellant as to his complaints might have become competent, but such questions were not repeated, and there was therefore no error in the conduct of the trial in this respect.

The objection to the form of the charge was not well taken. The purport of the charge was that, if the jury found that the plaintiff had knowingly testified falsely to any material fact in his testimony, they might disregard the whole thereof. This is the rule governing the testimony of all witnesses, and there was no error in presenting it to the jury in the case at bar. The judgment should be affirmed, with costs. All concur.