## TOBIN v. VILLAGE OF FAIRPORT.

*(Circuit Court, Monroe County. September 12, 1890.)*

1. DAMAGES—PRACTICE—PLEADING AND PROOF.

    Where the complaint in an action for personal injuries alleges that "the body and'. limbs of the plaintiff were greatly hurt and bruised, and plaintiff suffered great. bodily injury, and was made sick, sore, lame, and disabled, and was bruised and;

injured about the back and spine, * * * and has been, and still is, unable to attend to her affairs and business," it is proper to show that plaintiff suffered a miscarriage in consequences of the injuries.

2. SAME—EVIDENCE—DECLARATION TO PHYSICIAN.

In an action for personal injuries, the declarations of plaintiff to her physician when he was examining her in regard to such injuries are admissible.

Action by Lelia H. Tobin against the village of Fairport to recover damages sustained in consequence of a fall on a defective sidewalk on defendant's street. There was a verdict for plaintiff, and defendant moves for a new trial on the minutes.

*W. S. Hubbell,* for defendant.    *D. C. Barnum,* for plaintiff.

RUMSEY, J. Every witness who was sworn upon that subject, with two exceptions, swore that a board was gone from the sidewalk in the place where it is claimed that plaintiff fell. Those two witnesses "didn't notice the hole." Upon that state of evidence there was no doubt that the defect was shown to exist, such as it was. McNeil, an entirely credible and uncontradicted witness, as well as Rienzi Hulbert, the brother of plaintiff, Brooks, her brother-in-law, and the plaintiff herself, testified to her fall. The story was not improbable, not unlikely to be true, not contradicted; and one of the witnesses at least was legally and actually, so far as appears, disinterested. In such a case a fact thus established must be accepted as true. *Lomer* v. *Meeker,* 25 N. Y. 361. It would not have been error to refuse to submit the question to the jury whether the plaintiff fell or not, (*Kelly* v. *Burroughs,* 102 N. Y. 93, 6 N. E. Rep. 109,) had there been no evidence on that point but that of herself and her relatives. With the evidence of McNeil, the fact was clearly established. The exception to the portion of the charge which told the jury that the fact of her fall was undisputed was, therefore, not well taken. I do not think that any harm came to the defendant because the court used in addition the expression "and received some injury." The question of the extent of the plaintiff's injury was carefully submitted to the jury, without any exception to that part of the charge on the part of defendant. I have read it carefully, and it seems to be all that the defendant could ask or expect.

Exception is taken to various expressions used in submitting to the jury the question of contributory negligence. I do not consider them, because the defendant had more than it was entitled to when that question was submitted to the jury at all. Upon the evidence there clearly was no negligence on the part of the plaintiff, and it would, I think, have been proper to charge the jury to that effect. That being so, the defendant cannot complain if the court was inaccurate in submitting to the jury a question which should have been decided against the defendant as matter of law. The charge was all that the defendant was entitled to ask. The request to charge that "if, by the evidence and the surrounding circumstances, the jury are satisfied that what these witnesses [those named above] swore to is not true, they may discredit them," etc., was properly refused. The facts which will warrant a jury in refusing to believe an uncontradicted witness are given in *Elwood* v. *Telegraph Co.,* 45 N. Y. 549, 553, and in *Koehler* v. *Adler,* 78 N. Y. 287, 291. Those facts do not exist here, and the jury would not, upon what did appear, have any right to disbelieve the story of plaintiff's fall.

Exception was taken to the evidence of the second miscarriage of the plaintiff, as not warranted by the complaint. That paper stated that "the body and limbs of the plaintiff were greatly hurt and bruised, and plaintiff suffered great bodily injury, and was made sick, sore, lame, and disabled, and was bruised and injured about the back and spine, and since the said 12th day of November the plaintiff has suffered great mental and bodily pain, and has been, and still is, unable to attend to her affairs and business, and plaintiff is informed and believes that said injuries are permanent." Within these alle-

gations it was quite clear that the plaintiff might show any sickness which was the usual or expected result of her fall, and such was the miscarriage, as was shown by the testimony of Dr. Curtis. Where such damages only as might be expected to follow an injury are sought for, no allegation of special damages is required, and it is quite likely that the evidence objected to might have been given under the general allegation. But however this may be, there is no doubt that an allegation that the injury made the plaintiff sick is enough to warrant her in proving any sickness which naturally grew out of the injury. If the defendant is misled, his remedy is by motion to suspend the trial, or for a new trial on the ground of surprise. The exception to the admission of this evidence was not well taken.

A more serious question arises upon the exception to the admission of evidence of the statements of Mrs. Tobin as to her condition, made to Dr. Curtis some time after the injury. Such statements were objected to by defendant's counsel, but were received because they were made to a physican at a time when he was examining the plaintiff to enable him to form a judgment upon her true condition. The correctness of this ruling is the question. Down to May, 1875, such complaints had always been received to show the nature, effects, and symptoms of the malady from which a party suffered, when the fact was material. *Reed* v. *Railroad Co.*, 45 N. Y. 575, 578, 579, and cases cited. In that year, and in the case last cited, Judge ALLEN, admitting that the rule was as stated, declared that, the reason of the rule ceasing, the rule should cease. Page 579. To that proposition one judge only acceded; the others did not; so that the law which had admitted that class of evidence, while attacked, was not repealed. It was unsettled by the authority of two such great judges as ALLEN and GROVER, who declared against it. But these judges did not desire to repeal the law to the full extent. They say, (page 578:) "There is good reason for their admission when made to the attending physician, as upon them, in connection with the manifestations and symptoms of injury or disease, the opinion of the expert is based, and the treatment governed." Thus far, however, the rule was not changed. Gradually, however, and with the proper reluctance which there should be on the part of judges to change a well-settled rule of law by main strength of decision, the courts did adopt Judge ALLEN's views, and held that evidence of the declarations of a party, made some time after an injury, and not to a physician for the purpose of being attended professionally, are not competent. *Roche* v. *Railroad Co.*, 105 N. Y. 294, 298, 11 N. E. Rep. 630; *Olp* v. *Gardner*, 48 Hun, 169; *Barrelle* v. *Railway Co.*, 4 N. Y. Supp. 127. These cases all concede that, as to complaints or declarations of subjective symptoms, made to a physician for purposes of attendance by him, the rule is not changed, but that such complaints are still competent. The evidence of Dr. Curtis was therefore properly received. This disposes of all the questions raised on this motion. It must be denied.