(21 Misc. Rep. 13.)

ZELTNER v. IRWIN.

(Supreme Court, Appellate Term. July 29, 1897.)

1. CONTRACTS—PLACE WHERE MADE.
Defendant issued, from Pittsburg, Pa., a circular addressed to plaintiff, among others, at New York, inviting all persons to forward to him money to be used in wagering contracts upon the rise and fall of prices of grain on the Chicago Board of Trade. Plaintiff sent money by mail from New York to defendant, to be so used. *Held*, that the contract was made in New York, and was subject to the New York statute (1 Rev. St. p. 663, §§ 15, 16), permitting the recovery of money deposited upon a wager.

2. SAME—PROPOSAL AND ACCEPTANCE.
A circular containing a general invitation to intrust money to the person issuing it for a specific purpose constitutes a proposal for a contract to the persons to whom it is sent, and, when acted upon by them, a completed contract results.

3. WHAT IS ASSIGNABLE—PENALTIES.
The right to recover money deposited upon a wagering contract. given by the statute against wagers (1 Rev. St. p. 663, §§ 15, 16), is not a penalty, and may be assigned.

Appeal from city court of New York, general term.

Action by Henry Zeltner against George M. Irwin to recover the amounts of wagers, under 1 Rev. St. p. 663, §§ 15, 16, prohibiting wagers, bets, or stakes, or any gaming by lot or chance, or upon any unknown or contingent event, and permitting the recovery of money paid or deposited upon wagers or bets thereby prohibited. A judgment in favor of plaintiff for $1,650.90 was directed by the court, and affirmed by the general term of the city court (45 N. Y. Supp. 1036), and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

R. Burnham Moffat and Evarts & Moffat, for appellant.
Edgar J. Lauer and Mortimer Steifel, for respondent.

DALY, P. J. The plaintiff, as assignee of Mrs. Anna W. W. Smith, has recovered a judgment against the defendant for $1,650.90, being the aggregate of certain sums of money which she intrusted to him for the purpose of speculating in the rise and fall of grain, and which he used for that purpose in certain transactions which, while ostensibly purchases and sales of grain according to the rules of the Chicago Board of Trade, were mere wagering contracts on the rise and fall of prices, no actual deliveries of grain thereunder being contemplated. The allegation of the complaint is that the moneys were paid and deposited as a wager, bet, or stake made to depend upon a chance, casualty, or unknown or contingent event; and this is

expressly admitted by the answer, the defense being that no recovery can be had under the New York statute against wagers or bets (1 Rev. St. p. 663, §§ 15, 16), under which the action is brought, on the ground that the transactions which are the subject of the action were not had in this state.

The defendant resided in Pittsburg, Pa., doing business under the name of George M. Irwin & Co., and sending out circulars subscribed by that name to persons in this state, among them being the plaintiff's assignor and members of her family, proposing the speculations in question, and the payment to or deposit with defendant of money for that purpose. In accordance with the suggestions contained in the circular, Mrs. Smith sent sums of money at different times by mail from New York to defendant's address in Pittsburg, the receipt of which sums is fully admitted. It is manifest that whatever contract was entered into between Mrs. Smith and defendant was made in this state, since his proposition was received here by her, and was accepted here by her remittances in response thereto. In the case of written correspondence, the contract is closed where the letter containing the proposition is received, and whence the assenting reply is forwarded. The contract is complete when the letter of acceptance is sent. Vassar v. Camp, 11 N. Y. 441; Trevor v. Wood, 36 N. Y. 307; Howard v. Daly, 61 N. Y. 362; Crown Point Iron Co. v. Altna Ins. Co., 127 N. Y. 608, 28 N. E. 653; Sanders v. Fruit Co., 144 N. Y. 209, 39 N. E. 75; Manufacturing Co. v. Hoffman, 3 Daly, 495; Shelby Steel-Tube Co. v. Burgess Gun Co., 8 App. Div. 444, 40 N. Y. Supp. 871; Whart. Confl. Laws, § 421.

It is contended that the printed circular received by Mrs. Smith was not shown to have been sent by defendant, but this cannot be plausibly urged, since the checks which she mailed to defendant inclosed in a letter were acknowledged by him without question, and by form of receipt which indicated the general speculative purpose proposed in the circular. It is also contended that the circular did not constitute a proposal for a contract, but this is equally untenable. The circular was a general invitation to intrust money to defendant, since it held out inducements of large profits for doing so, and cannot be distinguished from a proposition for an ordinary contract, except that it might be general, instead of being personal, although that even cannot be said in view of its being sent directly through the mail to the recipients. There was a specific proposition embodied in its statements that, while people of large means in Wall street put in large sums to get large gains, people of small means could put in sums which the defendant would put in a lot together in the market in Chicago, where he had facilities of knowing all about it, and rarely failed in his judgment, and there followed a statement of the probable returns from investments of $10 to $100. This was understood by the recipient to be a proposition to intrust money to the defendant to be so used, and was so understood by defendant, who received and used the remittances sent in response to it.

But it is argued that the money so sent was to be employed either in Pittsburg or in Chicago, and either of those places, and not New York, was the place where, according to the intention of the parties,

the contract was to be performed, and by the laws of which, therefore, the validity of the contract is to be determined. But the contract was for the payment or deposit of money by plaintiff's assignor with the defendant, and that contract was performed as well as made when the money was mailed from New York, according to his proposition and its acceptance. This is not an action to recover from the parties in Pittsburg or in Chicago, with whom defendant dealt, if any there were, but to recover from defendant the money paid to him. The unlawful contract was made and performed in this state, since the contract contemplated payment by such remittance. The New York statute was violated by such remittance, which was, as defendant admits, a payment or deposit of money upon the event of a wager or bet upon a lot, chance, casualty, or unknown or contingent event, and which is made unlawful, and a right of recovery of such money is given to the person paying it.

The right of an assignee of such a claim is disputed, on the ground that the statute gives the right of recovery only to the person paying or depositing the money. While the statute makes all wagers and bets illegal, whether so at common law or not, and is therefore penal in its nature, and must be strictly construed, yet the right of recovery of the money paid is not in the nature of a penalty, but of a remedy, as in the case of the statute permitting a recovery of money lost in gaming, as was held in Meech v. Stoner, 19 N. Y. 26, which case permitted a recovery by the assignee of the person authorized by that statute to sue.

So far as the record shows, therefore, a clear case for a recovery by the plaintiff was made out, and, there being practically no defense to the claim, the direction of a verdict by the learned trial judge was proper. Complaint, however, is made of his interference with the defendant's counsel in cross-examining the plaintiff's assignor as to the time when the assignment to the plaintiff was made, the defendant endeavoring to show that it was after the commencement of the action. In this he was unsuccessful, and no restriction was placed upon his cross-examination on that point; but having elicited from her a statement that she executed the paper before a notary, which she afterwards qualified, the counsel began a prolonged cross-examination on the question as to whether she acknowledged the assignment. The court disallowed a repetition of a question on this point, and, when it was again repeated, showed the witness that the paper bore no acknowledgment. Defendant even then said she could not say whether she went before a notary or not. No right of defendant was impaired by this proceeding. The question of going before a notary was collateral, and, for the purpose of testing the recollection of the witness and its allowance, was within the discretion of the trial judge.

Judgment affirmed, with costs. All concur.