## GOLDING *v.* THE STATE.

LITTLE, J. 1. There was evidence sufficient to authorize a finding by the jury that the accused was guilty of the offense with which he was charged.
2. The trial judge committed no error in refusing to instruct the jury as requested by counsel for the defendant. The question whether the accused intended to steal, as well as that whether he did in fact commit the larceny charged, was fairly submitted in the general charge, which covered the particular matter of intention referred to in the request.
3. The trial judge fairly submitted the issues made by the pleadings and evidence, and his charge was not calculated to mislead the jury in their finding.
4. The evidence alleged to be newly discovered was immaterial in its character, and was not legally sufficient to change or influence the verdict.
*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*

Argued October 21,—Decided November 12, 1902.

Indictment for larceny. Before Judge Seabrook. Liberty superior court. June 21, 1902.

*A. S. Way*, for plaintiff in error.
*Livingston Kenan, solicitor-general*, contra.

## STURKEY *v.* THE STATE.

FISH, J. The evidence was sufficient to support the verdict; the alleged newly discovered evidence was either merely cumulative or impeaching; and even if the sentence imposed had been excessive, it would not have been a good ground for granting a new trial. *Burgamy v. State*, 114 *Ga.* 852.
*Judgment affirmed. All the Justices concurring, except Lumpkin, P. J., absent, and Candler, J., not presiding.*

Argued October 22, — Decided November 12, 1902.

Indictment for carrying concealed weapon. Before Judge Butt. Muscogee superior court. July 8, 1902.

*H. C. Cameron* and *Preer & Love*, for plaintiff in error.
*S. P. Gilbert, solicitor-general*, contra.