## CHAPMAN v. THE STATE.

1. Objection that a sentence imposed in a criminal case is for any reason illegal or irregular can not be made the ground of a motion for a new trial.
2. The evidence authorized the verdict, and there was no error committed at the trial which required the granting of a new trial.

Argued May 18, — Decided May 30, 1903.

Indictment for burglary.    Before Judge Felton.    Bibb superior court.    March 30, 1903.

*John R. Cooper* and *W. C. Lane,* for plaintiff in error.
*William Brunson, solicitor-general,* contra.

COBB, J.    Chapman was convicted of the offense of burglary, and assigns error upon the refusal of the court to grant him a new trial.

1.    In five grounds of the motion for a new trial objections are made to the character of the sentence imposed by the court.    Objections to a sentence can not be properly made grounds of a motion for a new trial.    If there has been a lawful verdict of conviction rendered ·in a criminal case, an error committed by the judge in the imposition of the sentence will be no sufficient reason for setting aside the verdict and trying the accused again upon the question of his guilt or innocence.    Such being the case, of course the objection should not be set forth in a motion for a new trial, which is the remedy given to the accused for determining whether any error has been committed prior to the verdict which would require another trial. See *Burgamy* v. *State,* 114 *Ga.* 852 (2), and case cited.

2. The evidence authorized the verdict.    The charge of the judge fairly submitted the case to the jury, and no sufficient reason has been shown why a new trial should have been granted.

*Judgment affirmed.    By five Justices.*