## 6037.  MARTIN *v.* CITY OF ROME.

1. Objection that a sentence imposed in a criminal case is for any reason illegal or irregular can not be made the ground of a motion for a new trial.

2. Under the general welfare clause, and under section 63, of the charter of the City of Rome, the mayor and council had authority to pass an ordinance prohibiting the keeping of intoxicating liquors for the purpose of barter or sale, and providing proper penalties for its violation.

3. While the abridgment of the right of cross-examination is generally erroneous, and is usually cause for the grant of a new trial, yet the manner and extent of the cross-examination are, to a large extent, within the control and subject to the sound discretion of the presiding judge; and this is especially true in the trial of a cause in a municipal court, where the presiding magistrate is both judge and jury, and where the limiting of the cross-examination is upon collateral facts only. In such a case, where it is evident that no injury was done to the accused by the limiting of the cross-examination, a new trial will not be granted on that ground alone.

4. Where several persons were arraigned for trial in a police court on the charge of violating a municipal ordinance, and the principal witness for the prosecution in all these cases was the same person, and the several defendants had different counsel and were tried separately, but all the defendants and their counsel were present during the trial of the first case, and, after the witness for the prosecution had been thoroughly and exhaustively examined in that case by the defendant's counsel, and the recorder announced that, in all the other cases in which the same witness was to testify, the defendants and their counsel, who had been present and who had heard the examination of the witness in the case just ended, would not be permitted to ask the same witness the same questions about his character and his past life which had just been asked and answered in the first case; and where none of the defendants, or their counsel, made any objection to this, or proposed to repeat the questions, but it was apparently acquiesced in by them; and where it is evident from the record that this ruling did not injure the defendant in this case, but that the judgment of the recorder would have been the same had this ruling not been made; *held,* that the ruling, if error, was not reversible error.

5. Assignments of error not mentioned in the brief of counsel for the plaintiff in error are deemed to have been abandoned,

DECIDED DECEMBER 22, 1914.

Certiorari; from Floyd superior court—Judge Wright.   October 29, 1914.

*Harris & Harris,* for plaintiff in error.

*Max Meyerhardt,* contra.

BROYLES, J.   Will Martin was convicted in the recorder's court of the city of Rome of violating a city ordinance which prohibited the keeping of intoxicating liquors for the purpose of sale or barter. There were six or seven other defendants charged with the same offense, and the witness who testified against Martin was also the witness in the other cases.   Martin and the other defendants were all present in court at the same time.   The defendants had separate counsel, and these counsel were also present in court.   When Lawrence, who was the principal witness for the State in all these cases, was put upon the stand in the first case, he was examined exhaustively by counsel for the accused in the first case, and after that case was finished the recorder announced, in the presence of all the other defendants and their counsel, including Will Martin and his counsel, that in the remaining cases to follow, in which Lawrence was to be the witness, none of the remaining defendants, or their counsel, who were present and heard the testimony as to the character and past life of the witness which had just been brought out, would be allowed to ask the witness the same questions again, as to his character and past life.   Neither Will Martin, his counsel, nor counsel for any of the other defendants, made objection to this ruling of the recorder.

1.   Counsel for the plaintiff in error contends that the sentence of the recorder in this case is illegal and void, for the reason that the sentence was that the defendant should "serve six months in the chain-gang, or, in lieu thereof, pay a fine of $300." The law is well settled that objections to a sentence can not properly be made grounds of a motion for a new trial.   If there has been a lawful verdict of conviction in a criminal case, an error committed by the judge in the imposition of the sentence will be no sufficient reason for setting aside the verdict and trying the accused again upon the question of his guilt or innocence.   *Chapman* ·v. *State,* 118 *Ga.* 58 (44 S. E. 814).

2.   Defendant demurred to the accusation, upon the ground that the ordinance of the city of Rome which prohibited the keeping of intoxicating liquors for purposes of sale was null and void, because,

under the charter of the city of Rome, the city had no right to pass such an ordinance. The court overruled this demurrer, and error is assigned upon this ruling. There was no error in the overruling of the demurrer. Under the general welfare clause, and under section 63, of the charter of the city of Rome, the city had authority to pass an ordinance prohibiting the keeping of intoxicating liquors for the purpose of sale. *Sawyer* v. *City of Blakely, 2 Ga. App.* 159 (58 S. E. 399).

3, 4. Counsel for the plaintiff in error contends that the ruling of the recorder, refusing to allow the accused, Martin, or his counsel, to cross-examine the witness Lawrence on certain points, was prejudicial error, and is cause for a new trial in this case. Counsel contends that the recorder declined to allow him to cross-examine Lawrence on any matter except as to the actual sale of the whisky, and that, as a consequence of this ruling, he did not ask Lawrence any questions except as to the actual sale of the whisky. The learned counsel for plaintiff in error evidently misunderstood the ruling of the court, for the recorder, in his answer, which (not being traversed) we must take as the truth, states that his ruling was as follows: "I allowed a thorough sifting of the witness in the first case, overruling all objections of the city attorney, in order to allow a thorough sifting of the witness in the first case, in the presence of all the defendants and their attorneys; ruling that in all the other cases that followed this case, the attorneys and the defendants, who were present and heard the evidence as to the character and past life of the witness, would not be allowed to ask the *same* questions again, as the same witness was in each case. By this ruling no defendant, nor the attorney for him, was denied a thorough knowledge of these facts." This answer of the recorder shows that he restricted the examination of the witness Lawrence only as to the *same* questions which had already been asked him about his character and past life, and that counsel for Martin could have asked Lawrence *any other* questions about his character and past life which had not been asked him in the first case. While the abridgment of the right of cross-examination is generally erroneous, and is usually cause for the grant of a new trial, yet the manner and the extent of the cross-examination is within the control and subject to the sound discretion of the presiding judge. And this is especially true in the trial of a cause in a municipal court, where

the presiding magistrate is both judge and jury, and when the limiting of the cross-examination is upon collateral facts only.

The examination, including the cross-examination, of witnesses is largely in the discretion of the trial judge. Under the common law, and under the law of many of our sister States, the cross-examination of a witness is confined to facts brought out on the direct examination. In the case of *McCleskey* v. *Leadbetter,* 1 *Ga.* 556, Judge Nisbet said: "The rule as to what cross-questions may be put is this, to wit: A party has no right to cross-examine any witness, except as to facts and circumstances connected with matters stated in his direct examination." We realize, however, that this is not now the view taken by the courts of our State, and we agree with the general trend of the decisions that "it is erroneous to abridge the right of cross-examination, and to do so is generally cause for the grant of a new trial." But this very language evidently means that there are exceptions to this rule, and especially where the effect of the limiting of the cross-examination is merely to cut out useless repetitions of questions already answered. The judge's discretion as to the examination of witnesses, including their cross-examination, is very broad. For instance, the general rule is that counsel can not propound to his own witness any leading questions, and yet, in certain instances, it is within the discretion of the trial judge to permit counsel not only to ask the witness leading questions, but actually to cross-examine him; so also, while the rule is that counsel in the redirect examination can only ask a witness questions in rebuttal of the cross-examination, yet it is within the discretion of the trial judge to allow the re-examination to go beyond the scope of the cross-examination, and to allow new matter to be brought out, although it is not in rebuttal of anything brought out on cross-examination. 40 Cyc. 2530. The examination of witnesses is always subject to the control of the court, which may exert its power to prevent useless delays during the trial, or stop the course of an examination which does not tend to throw any light on the issues. 40 Cyc. 2406. Again, "Matters pertaining to the examination of witnesses rest largely within the discretion of the trial court, which, in the exercise of such discretion, may determine the form and propriety of questions, the length of the examination, and the extent to which the witness may be examined,— especially with respect to collateral matters; and the rulings of the

trial court will not be interfered with unless an arbitrary abuse of discretion appears." 40 Cyc. 2408-9-10. It is held in Barrelle v. Pennsylvania R. Co., 4 N. Y. Supp. 127 (Aff. 121 N. Y. 697, 24 N. E. 1099), that "although a party has not rested his case, a refusal to allow him to be asked a question on a subject on which he has been thoroughly examined is within the discretion of the trial court, and a question which the witness has already answered is properly excluded; but the repetition of questions already answered rests largely in the discretion of the trial court, which may, as seems proper under the circumstances, either allow such questions, or refuse to permit them." 40 Cyc. 2437, 2438. In Chapman v. State, 112 Ga. 56 (37 S. E. 102), Justice Lewis says '(p. 60) : "One ground of the motion was that the court erred in refusing to require a witness to answer a question propounded by the defendant's counsel. It appears from the record that this same question had already been thoroughly and fully answered by the same witness during the course of his examination in the trial of the case. It was certainly no error of law to refuse to require a repetition of the testimony."

While the rule is very liberal regarding questions on cross-examination for the purpose of testing the accuracy of a witness and the like, especially where the witness is a party to the suit, yet the extent and limit in each particular case must rest in the sound discretion of the trial judge. 3 Enc. Ev. 860. "In asking questions upon cross-examination which are collateral to the issue, and are for the purpose of testing the recollection of the witness, the latitude allowed is within the sound discretion of the court." Zeltner v. Irwin, 21 Misc. 13 (46 N. Y. Supp. 852). The limits of the cross-examination of a witness as to his past is a matter which rests largely within the sound discretion of the trial judge, and that discretion is to be exercised in view of all the circumstances. 3 Enc. Ev. 873. And in 1 Thompson on Trials, § 458, it is said : "Except in cases where the witness is a prisoner on trial, the extent to which the inquiry will be allowed, as to his past life, with the view of testing his credibility, rests within the discretion of the trial court." In Tucker v. Buffalo Cotton Mills, 76 S. C. 539 (57 S. E. 626, 121 Am. St. R. 957), it is held that "how often counsel may be permitted to repeat a question already answered rests in the discretion of the court." "Even though a question may not be in

form a repetition of a previous question, it may properly be disallowed where it merely calls for a repetition of testimony already given by the witness." 40 Cyc. 2438. "The fact that the subject of the proposed cross-examination has been well covered by previous testimony of other witnesses justifies a refusal to permit it." Iron Clad Mfg. Co. *v.* Stanfield, 112 Md. 360 (76 Atl. 854) ; 40 Cyc. 2493.

How much stronger is this reasoning when the subject of the proposed cross-examination has, by his own previous testimony, covered the subject, as in this case. In jurisdictions where the cross-examining party is allowed to go into any material matter the court may, in its discretion, limit the scope of the cross-examination. 40 Cyc. 2507. In most of the cases where the abridgment of cross-examination was held to be error, the party being cross-examined was a party to the suit, and was testifying for the purpose of making out his own case. As stated in the third headnote in *Alabama Construction Co.* v. *Continental Car Co.,* 131 *Ga.* 365 (62 S. E. 160) : "An opportunity for a thorough and sifting cross-examination should be allowed, but the presiding judge may restrain useless and unnecessary repetition of questions." And in the case of *Woolfolk* v. *State,* 85 *Ga.* 69 (11 S. E. 825), Justice Simmons said (p. 107) : "While a party has a right to thoroughly cross-examine a witness called against him, this right must end at some time. We have examined the record as to the cross-examination of this witness and find it to have been thorough and sifting. Many questions were asked and answered upon the line indicated in this ground of the motion, and some of the questions set out in this ground were asked and answered. While, perhaps, it would have been more satisfactory to the defendant's counsel for the court to have allowed the examination to continue on this line, yet, if it was error at all to limit the examination, it was not a sufficient error to require the grant of a new trial, especially when defendant's counsel, as appears from the record, had introduced testimony as to the same things which he proposed to prove by this witness."

So it would seem that the law in this State, as well as in other States, is well settled that the trial judge has a very broad discretion in the matter of the cross-examination of witnesses, and that such discretion will not be controlled by the reviewing court, unless it has been palpably abused. In this case the main point was the

sale of liquor by the defendant, and the questions which had been put to the witness Lawrence, and answered by him, as to his character and past life, were collateral to the issue; and when we consider the fact that the witness had already answered these questions in a case just preceding it, and that Martin, the defendant in this case, and his counsel, and the presiding judge had just heard these questions and answers, and that they would be duly considered in determining Martin's case, the ruling of the recorder, that the same questions as to the witness's character and past life could not be again propounded by counsel for Martin, even if error, was not prejudicial error.

From an intimate personal knowledge of the proceedings in recorder's courts the writer knows that there time is not only of the "essence of the contract," but the quintessence—if we may use such an expression. In police courts time is more valuable than in any of our other courts. Often many policemen are waiting in the court-room to testify in the different cases. These policemen are generally on duty and off their beats, leaving much of the city unprotected, and it is the duty of the recorder to expedite matters in his court as much as possible; taking care, of course, that neither the accused nor the city shall be deprived of any of their rights. We are satisfied that if the recorder, before making this ruling, had requested the consent of counsel for Martin and the other defendants to consider the previous questions and answers of the witness on this collateral issue as having been put in evidence in this case and the other cases to follow, he could easily have obtained it, and we think that would have been the proper thing for him to have done. The fact that the able and learned counsel for Martin made no objection at the time to the ruling of the recorder is a circumstance to be considered in this case. If this ruling was as erroneous and as prejudicial as it is now contended it was, it would seem that the objection should have been entered at the time this ruling was made, or afterwards, during the trial of the defendant Martin, but the record shows no objection on his part, nor does it show that any exception was made or reserved at the time, or during Martin's trial, to this ruling. After the recorder had made the ruling, there could have been no contempt of court if counsel for the accused, Martin, had courteously insisted to the court that he desired the right to thoroughly cross-examine the witness as to his past life and

character, and that he desired to repeat the same questions that had already been asked the witness on this subject. The recorder made the ruling at the ending of the first case and before the beginning of the hearing in Martin's case, and, as defendant's counsel made no objection, nor claimed the right himself to repeat these same questions to the witness, the recorder was not apprised that there was any objection whatever to his ruling. If such objection had been made known to him, he might have changed or modified his ruling. We must remember that the recorder was both judge and jury, and we do not think his limiting of the cross-examination of the witness Lawrence, on the collateral issues mentioned, injured the cause of the defendant Martin.

The whole point in this exception is: Did this ruling of the recorder injure the defendant? The evidence, as disclosed by the record, strongly authorized the verdict of guilty. The defendant introduced no witnesses, but simply made a short statement, merely denying his guilt; and it is clear to us that, even if the recorder had not made his ruling limiting the cross-examination of the witness Lawrence, his judgment in this case would have been the same.

5. The remaining assignments of error, not having been mentioned in the brief or in the argument of counsel for the plaintiff in error, are deemed to have been abandoned.

*Judgment affirmed.*

RUSSELL, C. J., and WADE, J., concurring specially. The right of cross-examination, thorough and sifting, is so substantial and valuable that we can not concur in the general proposition that any court can, ex mero motu, compel a party to adopt, as a part of the record in his case, the testimony in a previous case, be that testimony ever so little or unimportant. The faculty of successful cross-examination is a gift so varied and peculiar that it can not be said that the same results will be reached by cross-examination on the part of one attorney as might be attained in the case of another. There should be no abridgment of the right of every party to have in his own case the benefit of a thorough and sifting cross-examination. In the present case it would have been error which, in our judgment, would have required reversal, if the recorder had undertaken in Martin's case to limit in advance the scope of the cross-examination. The cases cited, so far as known to us, refer solely to the discretion of the judge in limiting or controlling the cross-

examination in the particular case then under review, and the rule does not extend so far as to permit a trial judge to restrict the questions in a subsequent case by reason of the fact that the same questions have been asked in a preceding investigation, in which the parties were not the same as in the case then upon trial. If in the instant case the judge had made the ruling complained of after the investigation in Martin's case had begun, it could not be said that it was not prejudicial, merely because the testimony of the prosecuting witness was credible to the court. It was credible to the court, because it was not successfully impeached. The purpose of the cross-examination was to break down this testimony, which, if not destroyed, would authorize conviction; and it can not be assumed in advance that the cross-examination would not have discredited the witness, any more than that it would have resulted in his successful impeachment. The result of all cross-examinations is necessarily problematical.

We concur in the affirmance of the judgment solely upon the ground that the defendant, by failing to insist upon his right to a thorough and sifting cross-examination, and by acquiescence in a ruling announced in another case, foreign to the one then under investigation, waived the right to which otherwise he would by law have been entitled.