## 9807.  SABLE *v.* THE STATE.

"Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not be properly made the ground of a motion for a new trial."

(*a*) Where in such case a motion for a new trial in a city court is based upon the ground that the sentence is excessive, and the trial judge overrules the motion and the case is carried by certiorari to the superior court, the certiorari presents no question to the judge of the superior court upon which to exercise his discretion.

DECIDED OCTOBER 8, 1918.  REHEARING DENIED NOVEMBER 16, 1918.

Certiorari; from Chatham superior court—Judge Meldrim. April 22, 1918.

*Morris H. Bernstein, Shelby Myrick,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BLOODWORTH, J.  An accusation was preferred in the city court of Savannah against Loeb Sable.  He was convicted on the second count thereof, which charged that he "did unlawfully keep on hand at a place of business, to wit, the place of business of the said defendant, alcoholic liquors, spirituous liquors, and malted, fermented and brewed liquors, manufactured from malt, wholly and in part."  Sable made a motion for a new trial, and one ground of the motion was "because the punishment is excessive."  The motion was overruled, and by certiorari the defendant carried the case to the superior court, and the judge of that court, passed an order in which the certiorari was "overruled and dismissed."  An appeal was then taken to this court.  In the brief of counsel for the plaintiff in error the only proposition argued was that the judge of the superior court, in certiorari cases of this character, is vested with discretionary powers and has the right to change or modify the sentence imposed by the judge of the city court, and that in his order overruling and dismissing the certiorari the superior court judge refused to exercise this discretion, and said: "In the instant case I decline to change the sentence, upon the ground that I have no legal right to do so."

The overruling by the judge of the city court of the ground that the sentence was excessive was right.  This court and our Supreme Court have repeatedly held that "Objection that a sentence imposed in a criminal case is excessive, or for any reason illegal or irregular, can not be properly made the ground of a motion for a new trial." *Burgamy* v. *State,* 114 *Ga.* 852 (2), 855 (40 S. E. 991).  In *Chap-*

*man* v. *State,* 118 *Ga.* 58 (44 S. E. 814), Justice Cobb said: "Objections to a sentence can not be properly made grounds of a motion for a new trial. If there has been a lawful verdict of conviction rendered in a criminal case, an error committed by the judge in the imposition of the sentence will be no sufficient reason for setting aside the verdict and trying the accused again upon the question of his guilt or innocence. Such being the case, of course the objection should not be set forth in a motion for a new trial, which is the remedy given to the accused for determining whether any error has been committed prior to the verdict which would require another trial." Among the other cases in which the same principle has been ruled are *Hill* v. *State,* 122 *Ga.* 166 (50 S. E. 57); *Sturkey* v. *State,* 116 *Ga.* 526 (42 S. E. 747); *Bellinger* v. *State,* 116 *Ga.* 545 (42 S. E. 747); *Hardison* v. *State,* 95 *Ga.* 337 (5), 338 (22 S. E. 681); *Martin* v. *Rome,* 15 *Ga. App.* 496 (83 S. E. 872); *Elzie* v. *State,* 21 *Ga. App.* 501 (94 S. E. 627).

As the judge of the city court did not err in overruling the motion for a new trial, neither did the judge of the superior court err in overruling the petition for certiorari. If the fact that the sentence is excessive can not properly be made a ground of a motion for a new trial, it follows that it is not error for the judge of a trial court to overrule a motion based on that ground. In this case, had the exceptions been direct to this court from the city court, we would promptly and unhesitatingly have said that the ground of the motion alleging that the verdict was excessive was not good, because "the sentence imposed is not matter proper for a motion for new trial." *Montross* v. *State,* 72 *Ga.* 261 (5a), 268 (53 Am. R. 840). If the fact that a sentence is alleged to be excessive can not be made a ground of a motion for a new trial, can this "dead thing" be given life by filing a petition for certiorari? Assuredly not. This being true, there was nothing before the judge of the superior court upon which he could exercise his discretion. It matters not by what process of reasoning the judge of the superior court reached the conclusion that the certiorari should be "overruled and dismissed," the conclusion is correct, and the judgment must be

*Affirmed. Broyles, P. J., and Harwell, J., concur.*

### ON MOTION FOR REHEARING.

BLOODWORTH, J. A motion for a rehearing was filed in this case, alleging that the court overlooked certain exceptions set forth in the petition for certiorari and copied in the motion for rehearing, as follows: "Petitioner avers that the court erred in entering a' judgment sentencing said defendant to twelve months on the chain gang, upon the ground that said sentence is excessive and that if there was any violation of the laws of Georgia, it was a technical violation of said law and the said sentence of the court should not have been made so severe." If upon proper assignment of error the judge of the superior court could change or modify the sentence imposed in a· criminal case by the judge of the city court of Savannah (and· in the opinion of 'the writer he could not do this), the exceptions copied above are too general to raise any question for determination by this court. Our courts of last resort have repeatedly held that a judgment is not excessive if it is within the limit fixed. by the law; and in the exceptions above there is nothing to show what the sentence is, no specific reason is assigned why it is excessive, and there is nothing to show that in imposing the sentence the trial judge did not exercise the discretion given him by the law. When the opinion in this case was written the court was of the opinion that the only question to be determined, under the brief filed by the attorney for the plaintiff in error and under the assignments of error in the bill of exceptions and the petition for certiorari, was whether or not the judge of the city court erred in overruling the motion for a new trial; and we are still of the same opinion. As stated in that opinion, "As the judge of the city court did not err in overruling the motion for a new trial, neither did the judge of the superior court err in overruling the petition for certiorari."

*Rehearing denied.*