## 13093. CLARK *v.* THE STATE.

1, 2. The trial judge properly refused to consider affidavits offered in support of the extraordinary motion for a new trial, by which the movant sought to show that after he was convicted in this case upon the charge of manufacturing intoxicating liquor, the bottle of liquid used as evidence against him in this case was introduced as evidence on his trial upon the charge of possessing intoxicating liquor, and that he was acquitted on the latter trial because the liquid so introduced did not appear to be intoxicating liquor.

3. The affidavit of a witness that his testimony on the trial was false is not cause for a new trial.

4. A sentence imposed in a criminal case can not properly be attacked by motion for a new trial.

DECIDED FEBRUARY 16, 1922.

Indictment for manufacture of intoxicating liquor; from Tattnall superior court — Judge Sheppard. September 17, 1921.

*E. C. Collins,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

BLOODWORTH, J. Plaintiff in error was convicted of manufacturing liquor, and made an extraordinary motion for a new trial.

1. Upon the hearing of this motion the movant offered an affidavit, a portion of which is as follows: " At a subsequent term of court, after defendant's conviction for manufacturing liquor, he was placed on trial for having liquor in his possession, and the same bottle of liquid used in the case for manufacturing was used against him in the case for possessing, and defendant was acquitted

on the latter charge. I kept possession of the bottle and know the facts." The bill of exceptions alleges that "the court erred in disallowing the above portion of said affidavit, and says that same should have been allowed and considered." The court properly refused to consider this portion of the affidavit.

2. The movant offered also an affidavit as follows: "We were members of the jury which tried Charley Clark for having liquor in his possession, which trial was subsequent to the trial for manufacturing liquor, and the defendant was acquitted because the liquid introduced by the State did not appear to be liquor, and was not shown to be intoxicating, and did not look like liquor, and the jury was convinced that the defendant's wife, who had taken up with and was living with another man, was trying to railroad the defendant to the chain-gang to get him out of her way, and was responsible for the prosecution." It is alleged that the court erred in disallowing this affidavit, and should have received and considered it. In refusing to consider this affidavit the court did not err.

3. In the motion for a new trial it is alleged that Wallace Clark was the chief witness for the State, and that "since said trial at which movant was convicted, said Wallace Clark has made a written affidavit to the effect that his testimony on the trial which resulted in movant's conviction was false, and was given by the witness at the instance and by the direction of his mother, who was movant's wife, separated from him, and who was the real prosecutor of said case. Said Wallace Clark further testified in said affidavit that movant was not guilty, as charged, and that he had never seen movant manufacture or make intoxicating liquors of any kind, or around the still where same was manufactured, if there was such still and such manufacture." It is well settled in this State that the declarations of a witness after trial which are at variance with his sworn testimony, even when made under oath and explicitly asserting that his testimony on the trial was false, do not constitute a cause for new trial. *Story* v. *State,* 28 *Ga. App.* 109 (110 S. E. 326), and citations; *Norwood* v. *State,* 28 *Ga. App.* 238 (111 S. E. 59).

4. "Objection that a sentence imposed in a criminal case is for any reason illegal or irregular can not be made the ground of a motion for a new trial." *Chapman* v. *State,* 118 *Ga.* 58 (1) (44

S. E. 814). See *Sable* v. *State,* 22 *Ga. App.* 768 (97 S. E. 271), and citations. Under the rulings in these cases we can not consider that ground of the motion for a new trial which attacks the sentence as being " unlawful and without authority of law."

5. The court did not err in overruling the extraordinary motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*