10729.    GOOLSBY *v.* THE STATE.
</div>

LUKE, J. 1. The evidence in this case authorized the conviction of the offense of robbery.

2. The charge of the court is not subject to the criticism that it failed to instruct the jury upon the question of intent to steal being a necessary ingredient of the crime of robbery. The jury was instructed that robbery was charged to have been committed by the defendant, and the elements of robbery were fully charged.

3. The court fully charged upon the subject of alibi as a defense. The verdict being authorized, and there being no error assigned which entitles the defendant to a new trial, it was proper for the court to overrule the motion for a new trial.

<div align="center">

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED NOVEMBER 4, 1919.
</div>

Indictment for robbery; from Oglethorpe superior court—Judge W. L. Hodges. May 27, 1919.

Application for certiorari was denied by the Supreme Court.

1. The indictment charged that on August 20, 1918, Mose Goolsby and another violently, by force and intimidation and by drawing a pistol on Jerry Wymbs, took $5.17, his property, from his person without his consent, and carried it away with intent to steal the same. According to the testimony for the State, the defendant Goolsby, about the time alleged, met Wymbs (or 'Weims') in a road at night, pointed a pistol in his face, and told him to turn his pockets if he had any money; Wymbs pulled out

his pocket-book, and Goolsby grabbed it and went off with it, taking $5.17, his money. Wymbs testified: "He [Goolsby] had his pistol in his hand. He took my money away from me by drawing his pistol on me and by intimidating me. I was afraid. He jerked the pocket-book out of my hand, and he said, 'Get up the road or I will kill you.' . . It was taken away without my consent." Goolsby, in his statement and by witnesses, sought to establish an alibi. The jury rendered a verdict of guilty.

2. As to what is necessary to constitute robbery, the trial judge, after stating to the jury the allegations of the indictment, instructed them as follows: "Robbery is defined by our penal statute as follows: Robbery is the wrongful, fraudulent, and violent taking of money, goods, or chattels from the person of another by force or intimidation, without the consent of the owner, or the sudden snatching, taking, or carrying away any money, goods, chattels, or anything from the owner or person in possession or control thereof without the consent of the owner or person in possession or control thereof." In the motion for a new trial it is contended that the court erred "in failing to charge the jury, either specifically or generally, that intent to steal is a substantive and essential element of the crime of robbery by force or intimidation."

3. As to alibi the court charged the jury as follows: "The defendant . . pleads what is known in law as the plea of alibi,— that is to say that he was not at the place where the crime is alleged to have been committed and at the time it is alleged to have been committed. Alibi as a defense involves the impossibility of the prisoner's presence at the scene of the offense at the time of its commission; and the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence. . . The evidence of alibi must satisfy your mind that the accused was at a place where it was impossible for him to have committed the alleged crime," etc. In the motion for a new trial exception was taken to the concluding sentence of the instructions here quoted, and it was contended that a greater burden than the law imposes was thereby placed upon the accused, "the language of the statute being, 'the range of the evidence in respect to time and place must be such as reasonably to exclude the possibility of presence.' "

4.   In the motion for a new trial it was contended that in charging the jury that an impeached witness "may be sustained by proof of general good character," the court erred because no evidence was offered for that purpose; that the court erred in charging that the date of the crime was immaterial if within the statute of limitations, and in failing to tell the jury what the law was as to the statute of limitations in this case; that in the charge quoted above as to what constitutes robbery, the court erred in failing to limit the jury to the offense of robbery by force and intimidation; and that the court erred in failing to charge the jury that before they would be authorized to convict, they should be satisfied beyond a reasonable doubt as to the identity of the defendant.

*Joel Cloud, Hamilton McWhorter Jr.,* for plaintiff in error.
*A. S. Skelton, solicitor-general, Paul Brown,* contra.