## 17749. WATKINS v. THE STATE.

The charge of the court as to robbery by force was not subject to the exceptions taken. It sufficiently informed the jury that, to constitute the offense, the goods must have been taken without the consent of the person in possession and with intent to steal them.

DECIDED JANUARY 11, 1927. REHEARING DENIED FEBRUARY 23, 1927.

Robbery; from Wilkes superior court—Judge Perryman. October 4, 1926.

*F. W. Gilbert, Hugh E. Combs,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

LUKE, J. 1. The defendant was convicted of robbery. He excepts to the refusal of a new trial. The motion for a new trial complains of the following excerpt from the charge of the court: "You will bear in mind that I have instructed you to eliminate the question of robbery by intimidation and by suddenly snatching and carrying away. I read you section 149 of the Penal Code: 'Robbery by open force or violence shall be punished by imprisonment and labor in the penitentiary for not less than four years nor longer than twenty years.'" The evidence authorized this charge. Furthermore, under it the jury were required to find that there was a robbery by force, before they would be authorized to convict, and

Criminal Law, 17 C. J. n. 255, n. 53.
Robbery, 34 Cyc. p. 1811, n. 91, 93.

were not authorized to convict for robbery by intimidation or snatching.

2.   Error is assigned "because the court charged as follows: 'I charge you that there is no evidence of robbery by intimidation or suddenly snatching and carrying away the articles set forth in the bill of indictment, but you are to determine, from all the evidence, facts, and circumstances in the case, as to whether or not there was robbery by force as named and set forth in the bill of indictment.'"   It is alleged that this was error "in that the taking by force was misleading, in that the court should have instructed the jury further by adding thereto that the taking must be done without the consent of the person in possession or control, and with intent on the part of the defendant to steal the particular articles described in the bill of indictment."   The third and fourth special grounds complain of the court's failure to charge that the goods must have been taken without the consent of the person in possession and with intent to steal the same.   The judge in his charge stated to the jury that the bill of indictment charged the defendant with taking the goods *"without the consent of the said Dave Rusher and with intent to steal the same;"* and later in his charge he stated to the jury that in order to convict, they would have to believe beyond a reasonable doubt that the defendant "did commit the offense of robbery by force and violence *as set forth and alleged in the bill of indictment.*   The court also read to the jury section 148 of the Penal Code, defining robbery.   The charge sufficiently informed the jury that the goods must have been taken without the consent of the person in possession and with intent to steal the same.   See *Goolsby* v. *State,* 24 *Ga. App.* 330 (100 S. E. 768).

3.   The evidence authorized the verdict, and no error of law appears.

   *Judgment affirmed.   Broyles, C. J., concurs.   Bloodworth, J., absent on account of illness.*