### 33991. WILKINS *v.* THE STATE.

Decided April 17, 1952.

*G. A. Jones,* for plaintiff in error.
*Winston Owen, Solicitor-General, Ben F. Carr,* contra.

Gardner, P.J. ■ In the special ground the defendant sets out that the court stated the allegations of the indictment, which were that the taking of the check and money was wrongful, fraudulent, and by intimidation, and with intent to steal the same; and also charged that "Robbery is the wrongful, fraudulent and violent

taking of money, goods or chattels of another by force or intimidation, without the consent of the owner, and with intent to steal the money or thing thus taken," the same being the definition of robbery as set forth in Code § 26-2501, and also charged that, "If they (the jury) should find that the defendant did wrongfully, fraudulently and violently take from the person of Starlen J. Corley the money or property described in the indictment, with intent to steal the same, then you would be authorized to find the defendant guilty." The defendant also sets out in this ground that, while such instructions are correct insofar as they go, they are "couched in legal phraseology, and under the evidence" do "not go far enough to impress upon the jury that intent to steal must be present." Therefore, the defendant urges in this ground, the court erred in failing to charge the jury as follows: "If they did not believe the money was taken with intent to steal the same, then they should acquit. Intent to steal is a substantive element of the offense of robbery, and before you would be authorized to convict, you would first have to find that the money was taken with intent to steal the same. There can be no robbery without intent to steal the money or thing taken." The defendant insists in this ground that the foregoing principle was not only applicable and pertinent under the facts, but was necessary as an abstract principle of law, and that it was legally impossible for the court to have given the jury correct instructions in this case without giving to them "a more comprehensive charge upon the question of intent" than the charge given, as set forth in this ground.

It was held by this court in *Goolsby* v. *State*, 24 *Ga. App.* 330 (2) (100 S. E. 768), that where, after giving to the jury the allegations of the indictment, the court charged that "robbery" is defined in Code § 26-2501 as "the wrongful, fraudulent, and violent taking of money, goods or chattels from the person of another by force or intimidation, without the consent of the owner," such charge is not subject to the criticism that it failed to instruct the jury on the question of intent to steal being a necessary ingredient of the offense of robbery, and that the charge given covered the elements of robbery. The court said that, if fuller instructions as to intent were desired, a timely written request therefor should have been given. *Blackshear* v.

*State,* 20 *Ga. App.* 87 (3) (92 S. E. 547). See also *Golding* v. *State,* 116 *Ga.* 526 (42 S. E. 744). Where the defendant desires more specific instructions and elaborations of general law principles, the same should be submitted by a timely presented written request. *McDuffie* v. *State,* 121 *Ga.* 580 (49 S. E. 708); *McNabb* v. *State,* 69 *Ga. App.* 885 (27 S. E. 2d, 246); *Hood* v. *State,* 67 *Ga. App.* 291 (2) (19 S. E. 2d, 927). Also a correct charge is not error for failure of the court to charge further on the question. See *Jones* v. *State,* 70 *Ga. App.* 431, 444 (12) (28 S. E. 2d, 373), and cit.

It is true that intent is a substantive element in the commission of robbery, and a failure by the court so to instruct the jury trying a robbery case is cause for a new trial. *Blackshear* v. *State,* supra. This is true in a case in which one contention of the defendant is the absence of such intent (*Sledge* v. *State,* 99 *Ga.* 684, 26 S. E. 756), and in the case at bar the defendant contends that there was no intent to rob, but that the money and check were collected bona fide to settle a trespass on the property of the defendant's brother and were voluntarily given and paid to him by the prosecutor for that purpose. *Crawford* v. *State,* 90 *Ga.* 701 (17 S. E. 628); *Long* v. *State,* 12 *Ga.* 293.

There was no written request here to charge further on intent to steal, and the charge given as to intent was adequate. No error appears from this special ground.

■ The evidence authorized the verdict finding the defendant guilty of robbery. There was evidence from which the jury were authorized to find: that Starlen J. Corley, Charles Bursts, Joe Tibbetts, and E'. F. Corley went on a deer-hunting trip into the mountain regions of northern Georgia, near Blue Ridge; that they were in two pickup trucks; that they drove onto an old trail and stopped at an old deserted homesite, having the remains of an old barn, which was on a mountain side; that the defendant came up and informed them that they were on his brother's property, and the only way they could leave was to pay $100; that they "were going to pay $100, or I will shoot it out with you"; that this money was required by the defendant's brother's wife; that the defendant had a gun in his hand when he made this threat, and he continued to curse and threaten the four men until they, in fear of their lives and to prevent trouble, paid to

the defendant a ten-dollar bill, one dollar in change, and a Ford Company pay check; and that, when this money was paid, they were permitted to depart without further molestation. The jury were authorized to find that the defendant collected this money and it was paid through force and intimidation and those paying it were in fear of the defendant, and that the defendant was guilty of robbery under Code § 26-2501. *Long* v. *State*, supra; *Burke* v. *State*, 74 *Ga.* 372; *Spencer* v. *State*, 106 *Ga.* 692 (32 S. E. 849), and cit.

It follows that the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*