### 35690. SIMS *v.* THE STATE.

DECIDED JUNE 8, 1955.

*J. T. Sisk,* for plaintiff in error.

*Howard B. Payne, Solicitor,* contra.

GARDNER, P. J. Special grounds 1 and 2 deal with the question of whether or not the trial judge committed reversible error because he did not correctly charge the law which applies to one charged with operating a car on a public highway. The true rule of law which applies to this offense, as set forth in Code § 68-307 is whether or not it appears that it is less safe for such defendant to operate a motor vehicle than it would be if he were not so affected. This court in *Harper* v. *State*, 91 *Ga. App.* 456 (86 S. E. 2d 7), went into this question fully. The charge of the court in the instant case is contrary to the law as laid down in the *Harper* case. We see no necessity or benefit to be derived by going into further detail regarding the question here under consideration.

The court committed reversible error in overruling these two special grounds.

Special ground 3 complains because the court failed to charge the principle of law which applies to a case dependent upon circumstantial evidence alone. We have read the evidence upon which this ground is based, and conclude that the conviction is not based solely on circumstantial evidence, and the court committed no reversible error regarding the principle of law which applies to circumstantial evidence alone, as there was no request to charge on such evidence.

We are not passing upon the general grounds, since the case may be tried again.

The court erred in denying the amended motion.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*