69327. LEVESQUE v. THE STATE.
(324 SE2d 580)

DEEN, Presiding Judge.

The appellant, Robert Paul Levesque, was tried and convicted of aggravated assault and possessing a firearm as a convicted felon. He appeals only the conviction for aggravated assault, and the sole enumeration of error concerns the trial court's apparent slip of the tongue in advising the jury that the State "is not required to prove the guilt of the defendant beyond all reasonable doubt."

As an informative gesture, the trial court made a lengthy pre-evidentiary statement to the jury, during which the court essentially gave several standard jury instructions. The trial court, however, emphasized that these comments were not a substitute for the detailed instruction on the law that would be given at the close of the trial. Apparently, in attempting to deliver the remainder of the standard charge on the State's burden of proof, i.e., that the State did not have to prove the defendant's guilt *beyond all doubt* or to a mathematical certainty, the trial court inadvertently inserted the word "reasonable." It further appears that although the trial court did refer to the State's burden of proof correctly on six subsequent occasions, includ-

ing the regular jury charge at the end of the trial two days later, the court never expressly pointed out the incorrect statement or retracted it. *Held*:

"Inaccuracies in a charge which do not mislead or obscure meaning, do not require a new trial." *Cauley v. State*, 137 Ga. App. 814, 816 (224 SE2d 794) (1976); accord *Leonard v. State*, 146 Ga. App. 439 (246 SE2d 450) (1978). Where conflicting charges are given, and not mere inaccuracies, the erroneous charge is not rendered harmless by subsequent correct statements of the law unless the court expressly calls the jury's attention to the error either by retracting it or in some other manner. *Johnson v. State*, 148 Ga. App. 702 (252 SE2d 205) (1979); *Cameron v. State*, 123 Ga. App. 282 (180 SE2d 554) (1971); see also *Ex. Committee of Baptist Convention v. Ferguson*, 213 Ga. 441 (99 SE2d 150) (1957).

While a pre-evidentiary jury charge may be acceptable, provided a comprehensive charge also be given at the close of the case, see *Hammond v. State*, 169 Ga. App. 97 (311 SE2d 523) (1983), the trial court's pre-evidentiary statement in the instant case simply was not a jury charge. As indicated to the jury at the time, the trial court's comments served merely as an introduction to the case. Accordingly, the above authorities, requiring retrial where conflicting charges are given, are inapposite. Under all the circumstances of this case, where the jury repeatedly heard the correct rule on the burden of proof during the regular, comprehensive jury charge, we find that the incorrect, pre-evidentiary statement could not have misled the jury.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 27, 1984.

*Weston D. Baxter*, for appellant.
*Thomas J. Charron, District Attorney, James F. Morris, Assistant District Attorney*, for appellee.