## 72674. FARMER v. THE STATE.
(350 SE2d 583)

BEASLEY, Judge.

Defendant appeals the conviction of driving under the influence of alcohol on July 21, 1984. (See OCGA § 40-6-391 (a) (1) prior to the amendments of 1985). He was acquitted of vehicular homicide (OCGA § 40-6-393) and a directed verdict was entered on the charge of driving in violation of probationary license (OCGA § 40-5-58).

While operating a jeep on a dirt road, defendant lost control of the vehicle and it overturned while sliding down a steep embankment. One of the passengers was killed and the other injured.

1. Three enumerations of error concern the trial court's pre-evidentiary statements to the jury.

a) The court's statements concerning the function of the grand jury in returning an indictment were accurate and taken from the Georgia Superior Court Judge's Benchbook, § 32.11 (7). They are not subject to the construction urged by defendant, that the use of the word "convicted" takes away his presumption of innocence. We view the instruction in the context of the overall charge. *Johnson v. Zant*, 249 Ga. 812, 818 (9) (295 SE2d 63) (1982). The court simply explained how the indictment came to be before the petit jury and what the function of the grand jury was in this regard, being particularly careful both then and in the final charge to caution that the indictment is not evidence of guilt.

b) That portion of the court's statement concerning intent was substantially identical to that approved by the Supreme Court in *Flynn v. State*, 255 Ga. 415, 416 (2b) (339 SE2d 259) (1986) and this court in *Trenor v. State*, 178 Ga. App. 351 (343 SE2d 408) (1986), in which we held there was no *Francis v. Franklin*, 471 U. S. ___ (105 SC 1965, 85 LE2d 344) (1985), violation. As to a presumption of sound mind, see *Nevins v. State*, 180 Ga. App. 260 (349 SE2d 17) (1986).

c) The court advised the jury of the applicable portion of OCGA § 40-6-391, i.e., subsection (a) (1), but defendant contends that the required degree of influence as described in *Sims v. State*, 92 Ga. App. 169 (88 SE2d 186) (1955), should have been explained. A correct instruction to the jury is not erroneous for the failure to embody an

additional explanatory charge. *Wilkins v. State*, 86 Ga. App. 12, 14 (1) (70 SE2d 541) (1952); *Griffin v. State*, 195 Ga. 368, 371 (24 SE2d 399) (1943). Moreover, the court at this early stage was merely introducing the case to the jury.

As to all three enumerations, a pre-evidentiary statement is not the equivalent of a jury charge; even if a portion thereof had been incorrect, where the principles of law were thoroughly covered in the main charge, the initial statement would not have misled the jury and would be harmless error. *Levesque v. State*, 172 Ga. App. 760, 761 (324 SE2d 580) (1984).

2. Defendant complains that the admission of his photograph taken shortly after his arrest was a mug shot which tended to place his character in evidence. Since the circumstances under which the photo was taken were thoroughly described, and related to the crime for which he was on trial, the jury was not misled but were merely made aware of the "booking" process of which photographing is a part. The photograph was introduced to illustrate defendant's physical appearance shortly after his arrest. *Heard v. State*, 170 Ga. App. 130, 135 (11b) (316 SE2d 504) (1984). Obviously, an objective of a trial is to recreate the incident being tried. Where, as here, the condition vis-a-vis alcohol influence of the defendant at that time was an issue, his physical appearance was some evidence, and the capture of it by photograph was admissible, its weight a question for the jury. *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981).

3. During the course of cross-examining one of the state's witnesses who was not at the scene before the "jeep" was moved, defense counsel requested that the officer read a statement made to him by another witness who had seen it. It is now contended that the trial court's sustaining objection to such testimony amounted to a refusal to permit counsel to examine notes used by a witness to refresh his memory. See *Baxter v. State*, 254 Ga. 538, 548 (18) (333 SE2d 561) (1985). For two reasons this enumeration does not assist appellant. First, this was not a request for access to the notes but an attempt to have a hearsay statement read to the jury; second, there is nothing to show the statement was used by the witness to refresh his memory.

4. (a) Defendant objects to the admission of his driving record. As noted earlier, defendant was also charged with driving a vehicle outside the scope of his probationary license. See OCGA § 40-5-58 (e). The records were introduced to show defendant lost his license as a result of being found a habitual violator and had his license reinstated on a probationary basis, that he drive only for "business purposes."

At the time when the records of defendant's traffic violations were introduced, after initially objecting defense counsel waived any objections by stating "[w]e have no objection because we plan to

bring it out, anyway . . ." and then limiting the objection to the manner the prosecutor displayed the document. *Sims v. State*, 234 Ga. 177, 179 (4) (214 SE2d 902) (1975). See also *Upshaw v. Cooper*, 127 Ga. App. 690, 692 (1) (194 SE2d 618) (1972). He does not cite this as error on appeal but rather urges that the driving record was inadmissible because it injected his character into evidence, a reason not urged below. This ground not having been raised, we do not address it. *Brooker v. State*, 164 Ga. App. 775, 778 (298 SE2d 48) (1982).

(b) After a directed verdict of acquittal on the probationary license violation charge, defendant moved to strike the exhibits described above and other Department of Public Safety records. He had previously introduced testimony as to his good character and had been extensively cross-examined concerning his driving record and traffic violations. Defendant admitted he had been convicted of driving under the influence.

Now he argues that the state should have reintroduced his traffic record for impeachment purposes after he submitted evidence of his character.

Harm as well as error must be shown affirmatively on the record to authorize the reversal of a conviction. *Hazelrig v. State*, 171 Ga. App. 942, 943 (1) (321 SE2d 437) (1984). "Proof of the same facts by legally admissible evidence renders harmless a prior admission of incompetent or inadmissible evidence." *Frink v. State*, 177 Ga. App. 604, 607 (1) (340 SE2d 631) (1986). Where objection is to evidence as a whole, if any part is admissible the objection is properly overruled. *Beasley v. State*, 157 Ga. App. 94 (276 SE2d 144) (1981). The motion to strike the six exhibits in their entirety was not error.

5. Defendant contends the trial court's instruction concerning the statutory presumptions (OCGA § 40-6-392) arising from a certain quantity of alcohol in the blood violated the federal constitutional standard enumerated in *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979), because it shifted the burden of proof.

The trial court used the statutory language, referring to "the time alleged" in its charge. There is no basis for defendant's argument that the jury might be confused by this instruction, as to the burden of proof regarding alcohol influence at the time of driving.

As to the remainder of the charge, defendant not only acquiesced in it but actively sought it. See *McCann v. State*, 167 Ga. App. 368 (306 SE2d 681) (1983) from which the instruction was taken. "Induced error is impermissible." *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

6. The last enumeration of error complains that the prosecutor read law to the jury and that curative instructions should have been given. According to the record, defendant's objection was sustained and no further relief was sought. Thus, there is nothing about which

to complain. *Johnson v. State*, 170 Ga. App. 433, 437 (5) (317 SE2d 213) (1984).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 31, 1986.

Jimmy D. Berry, for appellant.

Thomas J. Charron, District Attorney, Donald T. Phillips, Debra H. Bernes, Assistant District Attorneys, for appellee.