### 74460. PHILLIPS v. THE STATE.
(358 SE2d 480)

McMURRAY, Presiding Judge.

Defendant was convicted of armed robbery, kidnapping and aggravated assault (with intent to rob). He was sentenced to life imprisonment and two consecutive 20-year terms and this appeal followed. *Held*:

1. In his first enumeration of error, defendant contends the pre-evidentiary charge rendered by the trial court minimized the State's burden of proof. He also asserts that the trial court intimated an opinion concerning the guilt of defendant in the pre-evidentiary charge. Our examination of the pre-evidentiary charge reveals no such defects. Moreover, a complete and accurate charge was given upon the conclusion of the evidence. Accordingly, we find no error. See *Levesque v. State*, 172 Ga. App. 760 (324 SE2d 580); *Farmer v. State*, 180 Ga. App. 720, 721 (1) (350 SE2d 583).

2. One of the State's witnesses testified that shortly before the crimes were committed a co-defendant said to defendant that "they had to go hit a lick." The witness averred that the expression "means to take something, steal, to rob, something like that." Defendant complains that this testimony improperly placed his character in issue. We disagree. The statement tended to establish that defendant was a participant in the crimes for which he was charged. It was not, there-

fore, inadmissible. *Davis v. State*, 255 Ga. 598, 606 (9) (340 SE2d 869).

3. Defendant contends the trial court erred by allowing a co-defendant's confession into evidence. He argues that he was implicated improperly by the allowance of the confession.

The co-defendant's confession was edited so that the names of defendant and a second co-defendant were omitted. The words "another person" were used in place of defendant's name and the name of the second co-defendant. What's more, trial counsel registered no objection when the confession was introduced in evidence. Under these circumstances, we find no error. *Fortner v. State*, 248 Ga. 107, 108 (1) (281 SE2d 533); *Brooks v. State*, 169 Ga. App. 543, 545 (5) (314 SE2d 115).

4. Next, the defendant contends the trial court erred by permitting a victim to identify him following an on-the-scene, one-on-one identification. No objection was interposed by trial counsel to the victim's testimony. Accordingly, defendant's contention cannot be raised on appeal. *Urban v. State*, 152 Ga. App. 110, 111 (2) (262 SE2d 259).

5. Defendant asserts the trial court erred when it charged the jury on "flight" because the words "if any" or "if proven" were omitted. See in this connection *Hale v. State*, 135 Ga. App. 625, 626 (2) (218 SE2d 643). At the conclusion of the entire charge the trial court inquired whether there were any objections. Defendant's trial counsel neither objected nor reserved the right to object later. Accordingly, defendant has waived his right to raise this issue on appeal. *Jackson v. State*, 246 Ga. 459 (271 SE2d 855); *Gaines v. State*, 177 Ga. App. 795 (341 SE2d 252).

Was the error so blatantly apparent and prejudicial that it raises a question as to whether defendant was deprived, to some extent, of a fair trial? See *Maynard v. State*, 171 Ga. App. 605, 606 (2) (320 SE2d 806); OCGA § 5-5-24 (c). We think not. The jury was apprised that flight was a "circumstance not sufficient of itself to establish guilt . . . and at most is only one of a series of circumstances from which guilt might be inferred." See *Hale v. State*, 135 Ga. App. 625, supra. Moreover, the evidence of flight in this case was overwhelming. Thus, it cannot be said that the charge on flight was harmful as a matter of law. OCGA § 5-5-24 (c).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JUNE 3, 1987.

*Donald J. Stein*, for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Chris Jen-*

sen, *Joseph J. Drolet, Assistant District Attorneys*, for appellee.