A92A1198. LEVERETT v. THE STATE.
(420 SE2d 629)

McMURRAY, Presiding Judge.
Defendant Leverett appeals his conviction of the offense of rape. *Held*:

1. Defendant contends that the State's evidence fails to prove the crime of rape in that it was not established that defendant had gained carnal knowledge of the victim since the victim never testified clearly enough to establish the act of intercourse. This contention overlooks a portion of the victim's testimony which follows: "Q. . . . did he put his penis into your vagina? A. Yes, sir. Q. It went inside your vagina? A. Sure did. Yes, sir. Q. . . . , are you sure it was this man's penis. A. I'm sure it was him. Q. I'm asking you if you are sure it was his penis and not some object. A. It was him. It was his stuff." This testimony was sufficient to authorize a rational trier of fact to conclude beyond a

reasonable doubt that defendant had carnal knowledge of the victim. See also *Richie v. State*, 183 Ga. App. 248 (1), 250 (358 SE2d 648). The evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt of rape. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. The trial court's charge to the jury on the presumption of innocence which tracks the statutory language of OCGA § 16-1-5 was sufficient, particularly since there was no request for further instruction on this issue. *Payne v. State*, 233 Ga. 294, 309 (IV) (210 SE2d 775). Nor did the trial court err in failing to charge the jury that the presumption of innocence is in the nature of evidence. *Campbell v. State*, 181 Ga. App. 1, 3 (2) (351 SE2d 209).

3. Next, defendant contends that the trial court erred in failing to adequately charge the jury on the element of force required to be proved by the State to support a conviction of rape. The trial court correctly charged the elements of the offense, and that each element of the offense must be proved beyond a reasonable doubt. Each of the other elements of the crime of rape (penetration and lack of consent) was then separately articulated, but no further mention was made of the element of force. Defendant argues that under these circumstances the jury cannot be assumed to have considered the element of force. However, the charge to the jury on the element of force being complete and correct, we will not assume that it was disregarded by the jury. This is particularly the case where, as here, there was no request for further instruction on this issue. "A correct instruction to the jury is not erroneous for the failure to embody an additional explanatory charge. *Wilkins v. State*, 86 Ga. App. 12, 14 (1) (70 SE2d 541) (1952); *Griffin v. State*, 195 Ga. 368, 371 (24 SE2d 399) (1943)." *Farmer v. State*, 180 Ga. App. 720 (1c) (350 SE2d 583). See also *McFarland v. State*, 109 Ga. App. 688 (1), 689 (137 SE2d 308).

4. The trial court charged the jury that: "The law you will take from the Court as given you in this charge and the facts you get from the witnesses who testified and to the one you apply the other and then you make your findings." In the final enumeration of error, defendant contends that the verdict must be reversed because the trial court failed to instruct the jury to also consider his documentary evidence. In this connection we assume, in the absence of any suggestion otherwise, that defendant's exhibit, admitted into evidence, was sent out with the jury. While the trial court, in an apparent slip of the tongue, did omit to direct consideration of the exhibit, the notes of the doctor who examined the victim after the rape, there was nothing of significance in the contents of these notes which had not been brought out in the testimony presented at trial. Even if the trial court's slip of the tongue prevented the jury's consideration of this exhibit, it is highly unlikely that such would have affected the verdict

returned by the jury. Harmless error does not require reversal. *Jenkins v. State*, 260 Ga. 231, 233 (4) (391 SE2d 397); *Walthour. v. State*, 196 Ga. App. 721 (1) (397 SE2d 10); *Watkins v. State*, 191 Ga. App. 325, 326 (3) (328 SE2d 107); *Bostic v. State*, 184 Ga. App. 509, 512 (361 SE2d 872).

5. Defendant's final enumeration of error contends the trial court erred in denying his motion to sequester the victim during the course of the trial. The prosecuting attorney having requested that the victim be permitted to remain in the courtroom to assist him in the presentation of the State's case, it was not error to deny defendant's motion. *Edwards v. State*, 171 Ga. App. 264, 265 (1) (319 SE2d 101).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 30, 1992.

*Dallas, Fowler & Wills, John P. Wills, Linda C. Simms*, for appellant.

*Dennis C. Sanders, District Attorney, Robert G. Dunn III, Assistant District Attorney*, for appellee.