## A93A0561. THOMAS v. THE STATE.
### (430 SE2d 849)

JOHNSON, Judge.

Robert E. Lee Thomas was indicted for possession of cocaine with intent to distribute, and was convicted of the lesser included offense of possession of cocaine. He appeals.

1. Thomas claims that the trial court erred in admitting the cocaine as evidence. He argues that the state's witnesses offered differing descriptions of the evidence, thereby failing to establish the requisite chain of custody. Two arresting officers described the evidence as a clear plastic sandwich bag containing nine rocks of suspected cocaine. The expert from the state crime lab testified that the clear plastic bag she received contained two rocks of cocaine separately wrapped in corners of sandwich bags and several additional pieces of cocaine loose in the bag. She further testified that it is a policy of the laboratory not to count the number of pieces because it breaks easily. Disparities in the testimony of the witnesses are an issue for resolution by the factfinder. "Where the State's evidence concerning the chain of custody of evidence was in conflict: 'The fact that the testimony of the state's witnesses does not agree in all details goes to the weight but does not affect the admissibility of the evidence. (Cits.)' " *Pyburn v. State*, 175 Ga. App. 158, 161 (10) (332 SE2d 899) (1985). We conclude that the trial court did not err in admitting the evidence.

2. In his second enumeration of error, Thomas asserts that the trial court erred in denying his motion to suppress evidence of the cocaine because the search which led to the discovery of the cocaine was illegal. The police received a tip from a known, reliable confidential informant specifically describing the clothing and location of an individual believed to be in possession of crack cocaine. Relying on this information, the police immediately went to the named location, quickly identified Thomas by his clothing and conducted the search which yielded the cocaine. Tips from this same informant had resulted in at least five previous arrests. Thomas argues that the tip in this case did not satisfy the "totality of the circumstances" test set forth by the U. S. Supreme Court in *Illinois v. Gates*, 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).

"The sufficiency of information obtained from an informant is not to be judged by any rigid test. Generally, probable cause is deter-

mined by the 'totality of the circumstances' surrounding (1) the basis of the informant's knowledge and (2) the informant's veracity or reliability. A deficiency in one may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. Here, any deficiency in the basis of the informant's knowledge was adequately compensated by the informant's previous record of reliability. Moreover, the details of the tip were corroborated by the personal observation of the investigating officers. When coupled with corroboration by the personal observation of a police officer, a reliable informant's tip is sufficient to establish probable cause for a warrantless search." (Citations and punctuation omitted.) *McKinney v. State*, 184 Ga. App. 607, 608-609 (1) (362 SE2d 65) (1987). See also *Gebremedhin v. State*, 202 Ga. App. 811, 812 (415 SE2d 529) (1992). As in *McKinney*, the informant in this case had been reliable on several occasions in the past. The specificity of the information regarding Thomas' clothing clearly indicates that the tip was based on more than casual rumor. The police acted on the tip immediately and arrived at the scene within 15 minutes of receipt of the information. As the informant had indicated it would, the search yielded the cocaine. Reviewing the totality of the circumstances in this case, we conclude that probable cause existed to conduct the search. The trial court did not err in denying the motion to suppress.

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*Nancy A. Atkinson*, for appellant.

*Willis B. Sparks III, District Attorney, R. Jeffrey Lasseter, Howard Z. Simms, Assistant District Attorneys*, for appellee.