## A94A0107. WILLIAMS v. THE STATE.
## A94A0108. YOUNG v. THE STATE.
### (443 SE2d 696)

COOPER, Judge.

Defendants Williams and Young were charged jointly with the offense of sale of cocaine. Defendant Young was also charged separately with a second offense of sale of cocaine. The defendants were tried jointly before a jury and convicted of all charges. Both defendants now appeal their convictions. Their cases have been consolidated on appeal.

The evidence, viewed in a light most favorable to the jury verdict, shows that on July 26, 1991, defendant Young met undercover police officer Hank H. Davis at a residence and sold him six pieces of crack cocaine worth $100. Officer Davis' next contact with Young was on August 12, 1991, when Young sold the officer three pieces of crack cocaine for $40. This second transaction between Young and the police officer took place in the middle of an intersection while Young was a passenger in the front seat of a car driven by defendant Williams.

### Case No. A94A0107

1. Defendant Williams raises as his sole enumeration of error the trial court's denial of his motion for a mistrial after Lieutenant Tom Kile, a witness for the State, improperly commented that he had known Williams for a while because he had arrested him on prior occasions. Instead of granting defendant's motion for a mistrial, the trial court gave curative instructions to the jury cautioning them not to consider the police officer's remark. Defendant did not object nor renew his motion for mistrial following these curative instructions.

We need not address the substantive issue of whether defendant's motion for mistrial should have been granted because defendant has not properly preserved this ground for appellate review. In order to preserve an issue for appeal after curative instructions are given, a motion for mistrial must be renewed, or else review of the motion will be barred. *Jackson v. State,* 248 Ga. 480 (2) (284 SE2d 267) (1981); *Mobley v. State,* 198 Ga. App. 497 (5) (402 SE2d 100) (1991). Accordingly, this enumeration of error is without merit.

*Case No. A94A0108*

2. In his first three enumerations of error, Young attacks the sufficiency of the evidence raising the general grounds. Specifically, Young argues that insufficient evidence was presented to convict him because testimony at trial indicated that the evidence had been tampered with and the police "bungled" the chain of custody of the suspected crack cocaine. However, our review of the record reveals that defendant failed to raise any objections to the admission of the crack cocaine at trial on this or any other grounds. The evidence, having been admitted, "its weight, credit and effect are to be determined by the jury. [Cit.]" *Dempsey v. State*, 162 Ga. App. 390, 392 (4) (291 SE2d 449) (1982). See also *Thomas v. State*, 208 Ga. App. 476 (1) (430 SE2d 849) (1993). After a careful review of the transcript in this case, we find that a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of the offense of selling cocaine. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In his fourth enumeration of error, Young argues the trial court erred by admitting into evidence the statement made by co-defendant Williams because the statement also implicated Young. We disagree. Prior to Williams' statement being submitted to the jury, all references to Young were edited out and the words "another person" and "him" were substituted in their places. Furthermore, the trial court specifically instructed the jury that any statement made by one of the defendants was admissible only against the defendant who made it and could only be considered against such person. Therefore, Young's constitutional rights were adequately protected. See *Mays v. State*, 198 Ga. App. 402 (2) (401 SE2d 597) (1991).

4. In his fifth enumeration of error, Young argues the trial court erred by allowing Williams' statement to be read to the jury without first furnishing Young a copy of the statement. However, defendant has presented us with no authority that would require the State to furnish a defendant with a copy of a co-defendant's inculpatory statement prior to trial. Young further attempts to argue that Williams' statement should not have been admitted into evidence because Williams' name was not included on the list of witnesses furnished to him pursuant to OCGA § 17-7-110. "[S]uch claim may not be considered because enumerations may not be enlarged by brief on appeal to cover issues not contained in the original enumeration." (Citations and punctuation omitted.) *Loyd v. State*, 202 Ga. App. 1, 2 (1c) (413 SE2d 222) (1991). Accordingly, this enumeration is without merit.

*Judgments affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED APRIL 29, 1994.

*Henderson & Henderson, David C. Walker,* for Williams.
*George A. Waters,* for Young.
*Dupont K. Cheney, District Attorney, J. Stephen Archer, Assistant District Attorney,* for State.