### A95A1840. MALONE v. THE STATE.
(466 SE2d 645)

BEASLEY, Chief Judge.

Malone appeals from his conviction and sentence for selling cocaine. OCGA § 16-13-30 (b).

Williams, the officer who made the undercover drug buy, testified his superior had informed him that a black male was selling drugs at a certain corner. He drove to the vicinity of the corner, parked his vehicle and approached Malone on foot. Malone, who was seated on the steps or bannister of a house on the corner, sold Williams a piece of crack cocaine for $20. During the transaction, Williams was observed by other officers. They did not arrest Malone that night so as to be able to make other undercover buys in the same manner.

After the purchase, the officers wished to obtain a photograph of Malone to aid identification. Another officer went to the corner and as a ruse told the four men there, including Malone, that a robbery had occurred nearby, they fit the description of the robbers, and if they would allow their pictures to be taken he would do a photograph lineup with the victim. The four agreed to have their photographs taken. Malone gave his name as Ernest Robinson. He was arrested about eight weeks after the undercover cocaine purchase.

1. Malone contends the evidence was insufficient to support the verdict under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), specifically asserting the State did not show the crack cocaine produced at trial was purchased from him. The indictment stated the offense took place "on or about June 4, 1993." Williams initially testified the buy occurred on June 4, but after examining the date on the plastic evidence bag containing the cocaine, he said it was June 3. After further questioning, Williams stated he was mistaken about the date. Although Williams' testimony shows some confusion about the exact date of the cocaine purchase, it does not show any confusion about whether the cocaine produced at trial was that purchased from Malone. Another officer testified the offense occurred on June 3.

Conflicts in the details of testimony concerning the chain of custody go to the weight, credit, and effect of the evidence, not its admissibility. *Thomas v. State*, 208 Ga. App. 476 (1) (430 SE2d 849) (1993); *Williams v. State*, 213 Ga. App. 70, 71 (2) (443 SE2d 696) (1994). There was sufficient evidence to allow a rational trier of fact to find Malone guilty beyond a reasonable doubt. *Jackson*, supra; *Gunter v. State*, 215 Ga. App. 517, 519 (3) (451 SE2d 108) (1994).

2. Malone contends the court made an improper comment, in violation of OCGA § 17-8-57, in its pre-evidentiary statement to the jury by referring to Malone as "also known as Ernest Robinson." He also contends that, by telling the jury to "[w]ait until you hear both sides of this case before you begin to form an opinion about it," the court imposed on him a burden to present evidence and improperly shifted the burden of proof to him.

These assertions of error have not been preserved for appellate review. Malone did not object when the court made either statement, nor when the court's pre-evidentiary statement was completed. He never asked for a mistrial or a curative instruction. After the court gave its closing jury charge, he reserved objections to "the charge," but made no attempt to incorporate the court's pre-evidentiary statement into his reservation. It is clear the court's question asking for objections to "the charge" referred only to the main closing jury charge. "[A] pre-evidentiary statement is not the equivalent of a jury charge." *Farmer v. State*, 180 Ga. App. 720, 721 (1) (350 SE2d 583) (1986). See also *Hawkins v. State*, 185 Ga. App. 837 (1) (366 SE2d 222) (1988); *Levesque v. State*, 172 Ga. App. 760, 761 (324 SE2d 580) (1984).

Reservation of objections to the main charge does not encompass objections to the pre-evidentiary statement. While OCGA § 5-5-24 (a) relieves a criminal defendant of the responsibility of objecting to jury charges at the time of trial and allows reservation of objections for a motion for new trial or appeal, it only concerns the charge given the jury at the end of the case. *Foshee v. State*, 256 Ga. 555, 557 (2) (350 SE2d 416) (1986). A defendant still must make timely objection throughout the course of the trial. Id. Additionally, if a court does err in its pre-evidentiary remarks, that error is cured by thoroughly and correctly covering the law in the main charge. *Farmer*, supra; *Hawkins*, supra; *Levesque*, supra. To give the court the opportunity to correct any error at that time, or earlier, and to preserve review of any alleged error, Malone would have to object after the court concluded its pre-evidentiary remarks and before the main charge, which he did not do.

Even if these enumerations were preserved for appellate review, there would be no reversible error. First, the Robinson alias was set forth in the indictment and there is no error in sending the indictment out with the jury, *Byrd v. State*, 186 Ga. App. 446, 451 (5) (367 SE2d 300) (1988), nor would there be any obligation to redact his alias from the indictment, *Jenkins v. State*, 216 Ga. App. 433, 434 (4) (454 SE2d 543) (1995). An officer testified Malone had given him that name, and he had relayed the name to others. Williams testified the original arrest warrant was written for Ernest Robinson. If there was any violation of OCGA § 17-8-57 in referring to Malone's alias, it was

730

harmless.

Second, even if a portion of the pre-evidentiary statement had suggested an impermissible shifting of the burden of proof, "where the principles of law were thoroughly covered in the main charge, the initial statement would not have misled the jury and would be harmless error. [Cit.]" *Farmer*, supra. In the main charge, the court properly charged the jury on the burden of proof and that it never shifted to defendant. Additionally, the court properly informed the jury about the burden of proof in other portions of the pre-evidentiary statement. Any error in this regard would also have been harmless.

3. Finally, Malone contends the State improperly placed his character in evidence by introducing a certified copy of his prior conviction for possession of cocaine. On cross-examination, Malone testified that he told the officer his name was Ernest Robinson because he was on probation. The State asked what he was on probation for and he responded: "A possession charge in '89." Following this the State introduced the certified copy of the conviction. Even if Malone had not placed his character in evidence to the extent of his prior conviction, any error in allowing the introduction of the certified copy of the conviction was harmless. After his testimony, additional evidence that he had been convicted of possession was merely cumulative of the other evidence already before the jury. *Deal v. State*, 199 Ga. App. 184, 187-188 (4) (404 SE2d 343) (1991).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED DECEMBER 20, 1995.

*Jackson & Schiavone, Mark E. Smith*, for appellant.
*Spencer Lawton, Jr., District Attorney, Melanie Higgins, Assistant District Attorney*, for appellee.