## A96A1830. BROWN v. THE STATE.
### (475 SE2d 688)

Judge Harold R. Banke.

Thomas J. Brown was convicted of two counts of armed robbery. He enumerates three errors.

The evidence, viewed in the light most favorable to the verdict, shows the following. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The first armed robbery occurred in the parking lot of a bank when the pregnant victim drove up to deposit over $4,000. Brown's co-defendant knocked on the back of her car and, as she slowed and turned to look, he stuck a gun in her face, told her to open the door, and took the money. The victim worked as a manager for Tires & Terms, Inc. and was required to deliver and deposit cash to the bank at regular intervals during the day. Brown, who had fathered the victim's child, knew this and, at one point, told her that he thought about having someone rob her.

After the victim learned that she was suspected in the robbery, she agreed to participate in a tape-recorded telephone conversation with Brown. In that conversation, the victim told Brown that the police had questioned her and told her they suspected the robber's girl friend had been involved in the robbery. She told Brown she had admitted to the police that he fathered her child. During the conversation, Brown nevertheless instructed the victim to deny that she knew him or that he was the father of her child. When Brown visited the victim later that evening, he choked and threatened to kill her for what she had told the police. The victim testified that Brown's mother sent her money to retain a lawyer to assist her in retracting her statement.

The State also presented testimony from an acquaintance of Brown's co-defendant, Keith Cokes, who allegedly took the money.

She said Brown offered her "something" if she would tell the police that Brown did not know Cokes.

In the second robbery, Cokes and Carren Adams robbed a used car dealer and Brown drove the getaway car. Adams testified that Brown suggested they commit a robbery and drove Cokes and him around town to search for an appropriate victim in a distinctive gold Volvo belonging to one of Brown's girl friends. After the men settled on Lewis Auto Sales, Adams and Cokes went in and looked around several times. At one point, Cokes mentioned to one of the owners that his Uncle Red had bought a Cadillac there, a statement which later enabled police to apprehend him. When Cokes and Adams returned empty-handed to the car, Brown insisted that they rob the dealer and promised to wait around the corner in the Volvo. Brown supplied a pistol and Adams used it to force the victim to place approximately $1,000 in a sack. At that point, Cokes and Adams left, but Brown was not waiting for them. When the victim pulled up and began to chase them, Adams ran through a yard and spotted Brown heading toward the location where he had promised to wait, but because Adams did not want to be seen getting into the Volvo, he kept on running and found his way home.

A mechanic at a nearby business identified Brown as the driver of the Volvo. He testified he saw a man across the street motioning for Brown to pick him up, but when the victim drove up, the man ran.

Cokes gave a videotaped confession implicating Brown in both robberies. However, at trial Cokes recanted his confession, claiming his selection of the victim in the first robbery was by chance and that Brown's only involvement in the second robbery was to rent his girl friend's Volvo to Cokes and Adams. Cokes testified that he gave the confession because he and Brown had gotten into a fight over a woman. After Cokes testified, the State played a redacted version of Cokes' videotaped confession.[1] *Held*:

1. The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the state, a rational trier of fact could find all the essential elements of the crime. *Jackson v. Virginia*, 443 U. S. at 319-320. The relevant elements of armed robbery are: (1) taking the property of another; (2) from the person or immediate presence of another; (3) with intent to commit theft; (4) by use of an offensive weapon. OCGA § 16-8-41 (a).

In the first robbery, Brown was the only connection between the robber and the victim. He knew the victim's duties and schedule, and he told the victim that he thought about having someone rob her. He also tried to hide his relationship with Cokes and the victim from

---

[1] The videotaped confession was not transcribed at trial.

police. Adams' testimony and the bystander who identified Brown in the gold Volvo near the scene of the robbery established the requisite elements of the second armed robbery conviction. Because the above-stated evidence supports a finding that Brown intentionally advised, encouraged, counseled, and procured Cokes to commit the first robbery and Cokes and Adams to commit the second, his conviction as a party to the crimes must be affirmed. OCGA § 16-2-20 (b) (4); see *Thaxton v. State*, 184 Ga. App. 779, 780 (1) (362 SE2d 510) (1987).

2. The trial court did not err in admitting the tape recording of the telephone conversation between Brown and the victim of the first robbery. Notwithstanding Brown's argument to the contrary, the chain of custody requirement no longer applies to audio and video recordings. *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995). Inasmuch as the tape was identified by the officer who recorded it and the victim testified that the recording was a fair and accurate representation of the conversation, its admission was not error. *Harper v. State*, 213 Ga. App. 444, 447 (4) (445 SE2d 303) (1994).

3. The trial court did not err by admitting Cokes' videotaped confession without redacting his statement that Brown had threatened to kill him after they disagreed about the distribution of the money from one of the robberies. Brown contends that this statement improperly placed his character in issue.

" 'If evidence is relevant and material to an issue in (a) case, it is not inadmissible because it incidentally puts the defendant's character in issue. (Cits.)' [Cit.]" *Baxter v. State*, 254 Ga. 538, 547 (16) (331 SE2d 561) (1985). Because the statement tended to establish that Brown was a participant in the crime charged, it was admissible. *Phillips v. State*, 183 Ga. App. 194, 195 (358 SE2d 480) (1987).

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

DECIDED AUGUST 30, 1996.

*Moore & Dodgen, Andrew C. Dodgen*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.